# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTRELL PLUMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-961-NJR |
| | ) |
| WARDEN THOMPSON, CHRISTINE BROWN, JOHN DOE SANITATION OFFICER, WEXFORD HEALTH SOURCES, INC., DR. BUTALID, L. LONG, A DEARMOND, and DIRECTOR BALDWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plummer alleges Defendants were deliberately indifferent to a spider bite in violation of the Eighth Amendment. He seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plummer makes the following allegations in the Complaint (Doc. 1): On July 12, 2018, Plummer suffered what he thought was a skin irritation on his right hip (*Id*. at p. 12). A bump developed and burst with puss and blood. He then developed a lump in that area. He saw Nurse Long on sick call; she charged him a co-pay. He was also not seen within 24 hours of placing the sick call, a violation of Wexford policy. Long did not provide first-aid or label the issue an emergency. She put him in to see the doctor.

On July 19, 2018, Plummer was seen by Dr. Butalid; this violated IDOC and Wexford policies. He was informed the bumps were spider bites and that his glands were swollen (*Id*. at p. 13). Dr. Butalid ordered Bactrim for 10 days and dressing changes (*Id*.). Dr. Butalid failed to provide Plummer with first aid for the wound or did he provide anti-venom for the spider bite. Dr. Butalid also saw Plummer for back and abdominal pain and prescribed him a fiber laxative pill and another medication (*Id*. at p. 14). This treatment was ineffective because he received it in the past to no effect and Wexford and its employees refuse to send him to a specialist (*Id*.).

Plummer did not receive his first set of medications and dressing changes until July 23, 2018. He believes this is a violation of IDOC and Wexford policies (*Id.* at p. 14). In fact, Plummer believes he should have gotten medication as well as anti-venom immediately. He later saw A. Dearmond who ordered additional antibiotics and dressing changes for the wounds (*Id*.). Plummer received the additional medications and dressing changes until his wound was fully healed. He never received anti-venom (*Id*. at p. 15).

Plummer wrote Warden Thompson, Christine Brown, and the sanitation officer about a news article he saw on brown recluse spiders (Doc. 1, p. 15). He told them that the news article said brown recluse populations were on the rise and asked what actions they were going to take to

prevent the spiders from invading the prison. He never heard back. He states that they knew about the spider bites and did nothing.

## Preliminary Dismissals

Although Plummer identifies Director Baldwin as a defendant in this case, he fails to include any allegations against him in his statement of claim. Plummer states that Baldwin is a defendant because he was aware of the spider bites through the grievance process, but simply responding to a grievance does not make an individual liable. Accordingly, Baldwin is **DISMISSED without prejudice.**

Plummer also identifies Wexford Health Sources, Inc. as a defendant but claims that they failed to supervise, train, monitor, or discipline their employees (Doc. 1, p. 3). The corporation cannot be liable on this basis because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plummer fails to identify such a policy, instead alleging that they had policies which other defendants violated. Because Plummer fails to identify any unconstitutional policies by Wexford, he fails to state a claim. Wexford is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against L. Long, Dr. Butalid, and A. Dearmond for failing to properly treat Plummer's spider bite.

>  **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Butalid for improperly treating Plummer's back and abdominal pain.
>
>  **Count 3:** Eighth Amendment deliberate indifference claim against Warden Thompson, Christine Brown, and John Doe sanitation officer for failing to prevent spider bites at the prison.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Plummer states a viable claim in Count 1 against L. Long and Dr. Butalid for deliberate indifference in treating Plummer's spider bite. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). But he fails to state a claim against A Dearmond because he fails to allege that she acted with deliberate indifference. Instead, he alleges that she reordered his antibiotics and dressing changes. She also ordered an ointment and he received these items until he was completely healed (Doc. 1, p. 15). Nothing in these allegations suggests Dearmond acted with deliberate indifference. Thus, Dearmond is **DISMISSED without prejudice** as to Count 1.

Plummer also states a viable claim against Dr. Butalid in Count 2 for deliberate indifference in treating his back and abdominal pain.

But Plummer fails to state a claim in Count 3 for deliberate indifference to his conditions of confinement. Although Plummer alleges that he wrote Thompson, Brown, and the John Doe Sanitation Officer about a news article he saw on brown recluse, he fails to allege that they were

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

aware that brown recluse were in the prison. He does allege IDOC officials were aware that other inmates were bitten by spiders but there is no indication in the Complaint that these specific Defendants were aware of the spider bites prior to Plummer being bitten or that the prison was suffering from a brown recluse infestation prior to the bite. Thus, Thompson, Brown, and John Doe Sanitation Officer are also **DISMISSED without prejudice**.

## Pending Motions

As to Plummer's motion for counsel (Doc. 4), Plummer submitted a proposed order rather than a motion. He has not identified any attempts to contact counsel on his own or stated why he needs counsel in this case. Thus, the Court **DENIES** Plummer's motion for counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Plummer to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, 2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plummer should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated, Count 1 shall proceed as to L. Long and Dr. Butalid but is **DISMISSED without prejudice** as to Dearmond. Count 2 shall proceed against Dr. Butalid. Count 3 is **DISMISSED without prejudice** as to Warden Thompson, Christine Brown, and John Doe Sanitation Officer. Director Baldwin and Wexford Health Sources, Inc. are also **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants L. Long and Dr. Butalid: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plummer. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plummer's motion for service of process at government's expense (Doc. 3) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Plummer, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plummer, and the judgment includes the payment of costs under Section 1915, Plummer will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plummer is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/9/2021**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**