IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CONTRELL PLUMMER,**

        **Plaintiff,**

v.

**ALBERTO BUTALID and
LADONNA LONG,**

        **Defendants.**

Case No. 20-cv-961-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint proceeded on two counts of deliberate indifference related to the treatment of a spider bite and back pain.

This matter is now before the Court on Plummer's second amended complaint (Doc. 37), motion for class certification (Doc. 38), motion to amend (Doc. 47), and motion to expand the record (Doc. 49). Defendants filed an objection (Doc. 48) to the motion to amend. They also filed a motion to strike (Doc. 39) Plummer's Second Amended Complaint because Plummer did not first seek leave to amend his Complaint and the Amended Complaint did not comply with Local Rule 15.1.

## BACKGROUND

On September 21, 2020, Plummer filed his Complaint alleging deliberate

indifference in the treatment of a spider bite and back pain (Doc. 1). He was allowed to proceed on the following two counts:

> Count 1:  Eighth Amendment deliberate indifference claim against Ladonna Long and Alberto Butalid for failing to properly treat Plummer's spider bite.
>
> Count 2:  Eighth Amendment deliberate indifference claim against Butalid for improperly treating Plummer's back and abdominal pain.

(Doc. 13, pp. 3-4).

Plummer was initially given a deadline to file a motion for leave to amend his Complaint, if he so chose, of July 15, 2021 (Doc. 24). Plummer asked for additional time to file his motion, as well as the recruitment of counsel. He indicated that he wished to assert a class action in his Complaint and counsel to represent the class (Docs. 32 and 33). The Court granted Plummer additional time to amend but noted that counsel was not necessary at that time because the case was not currently a class action and Plummer was capable of drafting an amended complaint on his own (Doc. 34). Plummer was granted additional time, up to August 12, 2021, to file his motion for leave to amend. He was later granted a further extension, until August 26, 2021, to file a motion for leave to amend (Doc. 36).

On September 1, 2021, Plummer filed a Second Amended Complaint (Doc. 37). He also filed a motion for class certification (Doc. 38). He did not file a motion to amend his complaint as previously directed by the Court (*See* Doc. 34, p. 5; Doc. 36). In response, Defendants filed a motion to strike (Doc. 39) the Second Amended Complaint because Plummer failed to first seek leave to file and his Second Amended Complaint failed to

comply with Local Rule 15.1, requiring that "[a]ll new material…be underlined." *See* SDIL Local Rule 15.1.

On November 1, 2021, two months after filing his Second Amended Complaint, Plummer filed a motion for leave to amend (Doc. 47). Plummer argued that the Court previously gave him leave to amend his complaint as a class action (*Id*. at p. 2) and that the Court indicated that it would only consider recruiting counsel if he first submitted an amended complaint with class action allegations (*Id*. at p. 3).

On March 18, 2022, Plummer asked to expand the record (Doc. 49) to add a certifying affidavit that all of his allegations are true and correct to the best of his knowledge.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants have already filed an Answer (Doc. 21), thus Plummer must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698

(7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Any new claims are also subject to a review of the merits pursuant to 28 U.S.C. § 1915A.

Plummer also seeks to certify his Second Amended Complaint as a class action. Before a Court can certify a class action, the party seeking certification must show: (1) joinder of all members of the class is impracticable due the number of potential claimants; (2) common questions of law and fact; (3) that the representative parties have typical claims and defenses as to the proposed class as a whole; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Any proposed class must be sufficiently defined so that it is identifiable to the Court. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The Court has broad discretion to determine whether a proposed class satisfies the requirements. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).

DISCUSSION

There are several issues with Plummer's Second Amended Complaint (Doc. 37). Plummer did not previously seek leave to file an amended complaint. He was twice granted an extension of time to file a *motion* to amend his Complaint (*See* Docs. 34 and

36). Instead of filing a timely motion to amend, he filed his Second Amended Complaint. He did not seek leave to amend his Complaint until November 1, 2021 (Doc. 47), well after the extended deadline of August 26, 2021. His Second Amended Complaint also does not comply with Local Rule 15.1, which requires that all new materials be underlined. *See* SDIL Local Rule 15.1 ("All new material in an amended pleading must be underlined."). Plummer seeks to add additional Defendants and allegations, but none of the new material is underlined. He also seeks to add a named Plaintiff Abdul Love. Because Plummer did not meet the requirements for filing his Second Amended Complaint, the Court **GRANTS** Defendants' motion to strike (Doc. 39) and **STRIKES** Plummer's Second Amended Complaint for failing to seek leave of Court and for failing to meet the requirements of Local Rule 15.1.

Even if the Court considered the Second Amended Complaint as a proposed amended complaint, Plummer would still be denied leave to file the amended pleading. Plummer seeks to allege a class action regarding inmates who were bitten by spiders while in IDOC custody. But Plummer's Second Amended Complaint does not meet the requirements for a class action. Plummer alleges that the class is numerous and includes all individuals who "filed a grievance and/or received medical treatment but [that care was] delayed, denied, and not given;" it also includes inmates who did not even know that they had spider bites (Doc. 38, p. 3). But Plummer has not shown that the number of individuals is particularly numerous. He only points to one other individual who suffered from a spider bite in his Second Amended Complaint (Doc. 37, pp. 11-12). He refers to other similarly situated incarcerated persons who suffered from spider bites and

informed staff but does not provide any additional specifics regarding those potential class members. He also does not indicate where those individuals were housed and what medical treatment they received. Thus, Plummer has not alleged that the class meets the numerosity requirement. *See Anderson v. Weinert Enterprises, Inc.*, 986 F.3d 773, 777 (7th Cir. 2021) (For numerosity the court must evaluate "the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute."). He has also not provided a clearly defined class given that he includes individuals who complained about spider bites or didn't even know that their wounds were spider bites. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) ("the class must be defined clearly and that membership be defined by objective criteria").

Plummer's Second Amended Complaint also does not include common questions of law and fact. Even the allegations surrounding the spider bite of Plummer's proposed co-plaintiff, Abdul Love, presents different facts and legal issues. Although Plummer includes a section in his Second Amended Complaint entitled "Facts Common to All Class Members," the section deals only with his spider bite and treatment (Doc. 37 at pp. 6-11). The allegations regarding Love's spider bite includes different allegations regarding the conditions of his cell and the treatment he received for his spider bite. Plummer also indicates that some inmates never had their spider bite diagnosed, whereas he did have his properly diagnosed at some point (*Id*. at p. 14). Plummer's original Complaint and Second Amended Complaint also include a claim for deliberate indifference in the treatment of his abdominal and back pain by Dr. Butalid, which is

specific only to Plummer and not suited for a class action. *See Oshana*, 472 F.3d at 514 (representative's claims must have the "same essential characteristics as the claims of the class at large"). Because his allegations do not meet the requirements for a class action, his motion to certify class (Doc. 38) and motion to amend (Doc. 47) are **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to strike Plummer's Second Amended Complaint (Doc. 39). The Second Amended Complaint (Doc. 37) is **STRICKEN**. Plummer's motions to certify class (Doc. 38) and amend complaint (Doc. 47) are **DENIED**. His motion to expand the record (Doc. 49) is **DENIED as moot.**

Plummer's original Complaint will proceed on his individual claims. As his request for class action status is **DENIED** and his Second Amended Complaint **STRICKEN**, Abdul Love and the other potential John Doe class members identified in the Second Amended Complaint are **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:   May 23, 2022**

*[signature]*
_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**